IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2163-B |
| | § | |
| JOHN DOE, subscriber assigned IP address 47.234.204.235, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION
TO QUASH BUT ENTERING A PROTECTIVE ORDER**

Plaintiff Strike 3 Holdings, LLC filed a complaint for copyright infringement against a John Doe defendant, then known only by their assigned IP address, for Defendant's alleged use of BitTorrent, "a peer-to-peer file sharing system," *Strike 3 Holdings, LLC v. Doe*, Civ. A. No. H-21-3319, 2021 WL 5359608, at *1 (S.D. Tex. Nov. 17, 2021), to download, copy, and distribute Strike 3's copyrighted works without authorization, *see* Dkt. No. 1.

The Court then granted Strike 3's motion to serve a subpoena on Defendant's internet service provider ("ISP"), *see* Dkt. No. 5, and authorized Strike 3 to "serve the ISP with a [Federal Rule of Civil Procedure] 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint," Dkt. No. 7.

Through a letter docketed on October 15, 2024, Defendant, proceeding *pro se*, moved to quash the subpoena served on their ISP, arguing that such information is not "relevant" but is "privileged and protected." Dkt. No. 8 (further explaining that it

is Defendant's desire "to exercise my right to object and remain anonymous").

United States District Judge Jane J. Boyle referred the letter motion to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) for hearing, if necessary, and recommendation or determination. *See* Dkt. No. 9.

Strike 3 filed a response to the motion, liberally construing it as requesting that the subpoena be quashed under Federal Rule of Civil Procedure 45(d)(3) and requesting a protective order under Federal Rule of Civil Procedure 26(c), and, while Strike 3 urges the Court to deny the motion to quash, it states that it is not opposed to the Court's entering a protective order to address Defendant's privacy concerns. *See* Dkt. No. 10.

Defendant failed to file a reply. And the deadline by which to do so has expired. *See* N.D. TEX. L. CIV. R. 7.1(f).

And, for the reasons set out below, the Court denies the letter motion to the extent that it seeks to quash the subpoena but will grant a protective order.

## Discussion

"Under Federal Rule of Civil Procedure 45, a party may serve a subpoena that commands a nonparty 'to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises.'" *MetroPCS v. Thomas*, 327 F.R.D. 600, 606 (N.D. Tex. 2018) (quoting FED. R. CIV. P. 45(a)(1)(A)(iii)).

And "the provisions and structure of [Federal Rules of Civil Procedure] 26 and

45 leave little doubt that the scope of permissible discovery from a third party is not broader than that permitted against a party." *Id.* at 610 (collecting cases).

And, so, "[b]ecause the scope of discovery is the same under both Federal Rules of Civil Procedure 45 and 26, the Court may properly apply the Rule 26(b)(1) proportionality factors in the context of a Rule 45(d)(3) motion to quash." *Id.* (cleaned up).

Rule 45's requirements are also subject to Federal Rule of Civil Procedure 26(d)(1)'s mandate that "a party 'may not seek discovery from any source before the parties have conferred as required by [Federal Rule of Civil Procedure] 26(f), except … [when authorized by these rules, by stipulation, or] by court order,'" *Fiduciary Network, LLC v. Buehler*, No. 3:15-cv-808-M, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015) (quoting FED. R. CIV. P. 26(d)(1)).

That is, in general, "[u]nder Federal Rule of Civil Procedure 26(d)(1), parties may not seek discovery from any source before the Rule 26(f) conference. This includes service of a subpoena on a third party under Rule 45." *Dish Network L.L.C. v. Motasaki*, No. 4:20-CV-1702, 2020 WL 10786543, at *1 (S.D. Tex. June 26, 2020).

And "[a]ny party seeking expedited discovery must show good cause." *Id.* (citing *St. Louis Grp., Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)).

Authorizing the subpoena, the Court found that Strike 3 made this showing. *See* Dkt. No. 7 at 1 ("Plaintiff established that 'good cause' exists for it to serve a third party subpoena on [the ISP]." (citing *Combat Zone Corp. v. John/Jane Does 1-5*, No.

3:12-cv-4005-M, 2012 WL 5289736, at *1 (N.D. Tex. Oct. 26, 2012); *Combat Zone Corp. v. John/Jane Does 1-13*, No. 3:12-cv-3927-B, 2013 WL 230382, at *5 (N.D. Tex. Jan. 22, 2013)).

But the Court will lay out the applicable standards below to address Defendant's motion to quash.

Although the United States Court of Appeals for the Fifth Circuit "has not explicitly adopted a standard to determine whether a party is entitled to expedited discovery, several district courts within the Fifth Circuit … have expressly utilized the 'good cause' standard when addressing the issue," which "takes into consideration such factors as the breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on the defendants to comply with the requests, and how far in advance of the typical discovery process the request was made," and under which "a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *ELargo Holdings, LLC v. Doe–68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016) (citation omitted); *see also Strike 3 Holdings*, 2021 WL 5359608, at *1 ("The Fifth Circuit has not adopted a standard to determine when a party is entitled to expedited discovery, but district courts within this circuit analyze factors including '(1) whether the plaintiff has made a prima facie case of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) whether there is a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy.'" (quoting

*Strike 3 Holdings, LLC v. Doe*, 21-cv-243, 2021 WL 2258737, at *2 (E.D. Tex. June 3, 2021))); *Combat Zone*, 2012 WL 5289736, at *1-*2 (N.D. Tex. Oct. 26, 2012) (applying the five factor to authorize early stage requests to identify and properly serve alleged copyright infringers, under which (1) a prima facie showing of harm was established through a well-pleaded complaint and identification of the IP addresses associated with the alleged infringers; (2) the information sought was specific; (3) the plaintiff had obtained all the information it could through informal discovery; (4) a court order was the only means to obtain identifying information; and (5) the users' expectations of privacy could be protected through a court order).

In sum, "good cause typically exists where" "[t]he party seeking expedited discovery" demonstrates that "the need for expedited discovery outweighs the prejudice to the responding party," while showing that "the scope of the requests [are] narrowly tailored to the necessary information [sought]." *ELargo Holdings*, 318 F.R.D. at 61 (cleaned up).

And "[c]ourts have found good cause to exist when the case cannot proceed absent the expedited discovery." *Dish Network*, 2020 WL 10786543, at *1 (citing *St. Louis Grp.*, 275 F.R.D. at 241).

And, just to reiterate, under these standards good cause existed to authorize the limited discovery sought by Strike 3. And there is no reason to now quash the subpoena based on its scope. *See, e.g., Strike 3 Holdings, Inc. v. Doe*, 678 F. Supp. 3d 201, 207 (D. Mass. 2023) ("Strike 3 lacks 'access to relevant information,' FED. R. CIV. P. 26(b)(1), consisting of the name and address of the individual linked to the IP

address. Moreover, the information is critical to 'resolving the issues,' *id.*, because the case cannot proceed without it. The early discovery is therefore relevant to the copyright infringement claim and proportional to the needs of this case." (cleaned up)).

And, to the extent that Defendant argues that the subpoena should be quashed on grounds of privilege or privacy, a "defendant lacks a reasonable expectation of privacy in information that he or she voluntarily shared by downloading and distributing Strike 3 Holdings's movies 'through a peer-to-peer network,'" *Strike 3 Holdings*, 2021 WL 5359608, at *2 (quoting *United States v. Weast*, 811 F.3d 743, 747-48 (5th Cir. 2016)).

Nor is there a "constitutional right – under the First Amendment or the right to privacy – to anonymously engage in copyright infringement." *Id.* (quoting *Malibu Media, LLC v. Doe*, H-17-0485, 2017 WL 3394611, at *2 (S.D. Tex. Aug. 8, 2017)).

So, while the reasons to quash the subpoena Defendant advances do not carry the day for them, the Court acknowledges that other courts have recognized

> some concerns [with] a subpoena of this nature. First, the IP subscriber may not be the actual infringer. The infringer could, for example, be the subscriber's roommate. Second, an allegation that an individual illegally downloaded adult motion pictures likely goes to matters of a sensitive and highly personal nature, including one's sexuality.

*Id.* at *2-*3 (cleaned up; cabining such concerns by imposing procedures as to its granting of a subpoena).

And, while such concerns may no longer apply here to the extent that Defendant has revealed their name through the return address on the envelope transmitting the October 15 letter motion to the Court, *see* Dkt. No. 8 at 2; Dkt. No.

10 at 1 n.1, the Court recognizes that such a disclosure could have been inadvertent considering Defendant's *pro se* status. And, so, the Court will enter a protective order under Rule 26(c) requiring Dkt. No. 8 to remain under seal and allowing Defendant to proceed pseudonymous in this litigation as "John Doe" until the Court orders otherwise.

## Conclusion

As to Defendant's October 15, 2024 letter motion [Dkt. No. 8], the Court DENIES a motion to quash under Federal Rule of Civil Procedure 45(d)(3) but GRANTS a protective order under Federal Rule of Civil Procedure 26(c) requiring Dkt. No. 8 to remain under seal and allowing Defendant to proceed pseudonymous in this litigation as "John Doe" until the Court orders otherwise.

SO ORDERED.

DATED: November 22, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE